**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NATIONAL LABOR RELATIONS BOARD,
Plaintiff-Appellee,

v.

D. L. BAKER, INCORPORATED, t/a
Baker Electric; BAKER ELECTRIC,

No. 98-1339

INCORPORATED; D. L. BAKER, and/or
the Custodian of the Records;
MAGGIE SUZZANNE BARRY, and/or the
Custodian of the Records,
Defendants-Appellants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(MISC-97-124-MC)

Argued: October 28, 1998

Decided: December 1, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BLAKE, United States District Judge for the
District of Maryland, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Michael Ernest Avakian, THE CENTER ON
NATIONAL LABOR POLICY, INC., North Springfield, Virginia,

for Appellants. Paul Alton Ades, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Appellee. **ON BRIEF:** Steven M. Frei, HAIGHT, TRAMONTE, SICILIANO, FLASK & YEONAS, P.C., Vienna, Virginia; J. Raymond Sparrow, Jr., SHUMATE, KRAFTSON & SPARROW, P.C., Reston, Virginia, for Appellants. Frederick L. Feinstein, Acting General Counsel, Linda Sher, Associate General Counsel, Margery E. Lieber, Assistant General Counsel for Special Litigation, Eric G. Moskowitz, Deputy General Counsel, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

D.L. Baker, Inc. t/a Baker Electric, Baker Electric, Inc., Mr. D.L. Baker, and Maggie Suzzanne Barry[1] (collectively Baker) appeal the district court's decision enforcing the NLRB's (the Board) administrative subpoenas duces tecum. Baker argues that the district court erred in enforcing the subpoenas because the district court did not have personal jurisdiction over the parties because no summons was served with the Order to Show Cause. Additionally, Baker argues that the district court erred in determining that the subpoenas themselves were valid and enforceable because service was defective and the

_____

[1] D.L. Baker, Inc. t/a Baker Electric and Baker Electric, Inc., are separate business entities involved in the same line of business, operating in the same office space at the same address in Vienna, Virginia. Baker Electric, Inc. was founded in 1995 during the pendency of the litigation underlying this subpoena enforcement proceeding. Mr. D.L. Baker is the president and sole owner of D.L. Baker, Inc. t/a Baker Electric. Maggie Suzzanne Barry is the president and sole owner of Baker Electric, Inc. These individuals were subpoenaed in their capacity as custodians of company records.

2

scope of the document request was unduly burdensome. Finding no error, we affirm.

I.

In a prior proceeding, the Board determined that D.L. Baker, Inc. t/a Baker Electric had committed several unfair labor practices in violation of § 8(a)(1), (a)(3), and (a)(5) of the National Labor Relations Act (NLRA). See 29 U.S.C.A. § 158(a)(1), (a)(3), (a)(5) (West 1998). The resulting Board order directed D.L. Baker, Inc. t/a Baker Electric and its officers, agents, successors, and assigns to reimburse certain employees with back pay of wages and benefits. See D.L. Baker, Inc., 317 NLRB 335 (1995). We granted the Board's petition for enforcement. See NLRB v. D.L. Baker, Nos. 96-1377, 96-1548, 1997 WL 5771 (4th Cir. Jan. 8, 1997) (unpublished), cert. denied, 118 S. Ct. 688 (1998).

Subsequently, the Board began seeking the necessary data with which to calculate the back pay awards under its power to institute compliance proceedings. See 29 C.F.R. §§ 101.13-101.16 (1998). In furtherance of that end, the Board issued six subpoenas duces tecum on July 28, 1997 to D.L. Baker, Inc. t/a Baker Electric and Baker Electric, Inc. Each of the subpoenas contained thirty-five document requests.[2] The Board sought, inter alia, all documents disclosing assets held by the companies, all documents indicating a transfer of any company assets, all insurance policies, and all contracts to which the companies were a party.

_____

[2] Each of the six subpoenas were substantially identical but were addressed to different individuals. Specifically, B-300930 was identical to B-300999 and was addressed to Baker Electric, Inc., Attn: Maggie Suzzanne Barry, Registered Agent as Set Forth in the Articles of Incorporation and/or Custodian of the Records; B-300995 was identical to B-300996 and was addressed to D.L. Baker, Inc. t/a Baker Electric, Attn: Mr. D.L. Baker and/or the Custodian of Records; and B-300997 was identical to B-300998 and was addressed to Baker Electric, Inc., Attn: Mr. D.L. Baker and/or the Custodian of the Records. Subpoenas numbered B-300996, B-300998, and B-300999 were served via certified mail. Subpoenas numbered B-300930, B-300995, and B-300997 were served by regular mail.

Three of the six subpoenas were served by certified mail with a photocopy sent by regular mail. All three subpoenas served by certified mail were returned to the Board with the notation "refused" marked on the envelope by the United States Postal Service. The other three subpoenas were served by regular mail. Most of the documents sent by regular mail were also returned to the Board marked "refused." At least one subpoena sent by regular mail was not returned to the Board. Additionally, photocopies of all six subpoenas were served on D.L. Baker, Inc. t/a Baker Electric's attorney of record, Michael Avakian. Avakian responded to receipt of the subpoenas by letter dated August 5, 1997. In the letter, Avakian stated that he was not authorized to receive service of process for D.L. Baker, Inc. t/a Baker Electric. Nevertheless, Avakian included a petition to revoke the subpoenas.

On August 7, 1997, the Board denied the petition to revoke the subpoenas. In spite of that denial, Baker failed to appear before a representative of the Board on August 8, 1997, as required by the subpoenas.

II.

Pursuant to § 11(2) of the NLRA,[3] 29 U.S.C.A. § 161(2) (West 1998), the Board filed an application in the United States District Court for the Eastern District of Virginia requesting an order requiring Baker to comply with the subpoenas. In response to the Board's

_____

[3] Section 11(2) provides that:

> In case of contumacy or refusal to obey a subpena [sic] issued to any person, any district court of the United States . . . within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

29 U.S.C.A. § 161(2) (West 1998).

application, the district court issued an Order to Show Cause why the subpoenas should not be enforced. The district court directed that service of a copy of the order and a copy of the application be made in any manner in accordance with the Federal Rules of Civil Procedure for United States District Courts, Federal Rules of Civil Procedure 4 or 5, by fax, or by certified mail. The district court ordered that Baker respond by December 29, 1997, and scheduled a hearing on the show cause order for January 9, 1998.

In response to the Order to Show Cause, D.L. Baker, Inc. t/a Baker Electric objected to the district court's personal jurisdiction and on the ground that the order and application had not been served with a summons. Additionally, D.L. Baker, Inc. t/a Baker Electric argued that the subpoenas were unenforceable. On January 7, 1998, Steven Frei, attorney for Baker Electric, Inc., wrote a letter to the district court entering a special appearance and objecting to its exercise of personal jurisdiction over Baker Electric, Inc. because it had not been served with any summons. Additionally, Frei joined D.L. Baker, Inc. t/a Baker Electric's objections to the service and substance of the subpoenas.

On January 22, 1998, the district court issued a Memorandum Opinion and Order enforcing the Board's subpoenas. The district court determined that Baker's argument that the district court lacked personal jurisdiction was without merit because the Order to Show Cause and the Board's application had been properly served and that strict compliance with Rule 4 was not required in an administrative subpoena enforcement proceeding. The district court also concluded that the argument that the parties were not sufficiently identified was without merit. Additionally, the district court concluded that the subpoenas were enforceable as they had been served in accordance with the NLRA and were issued for the lawful purpose of calculating a proper back pay award.

III.

Baker appeals the order of the district court on several grounds.[4]

_____

[4] A district court's order enforcing administrative subpoenas is considered to be a final order ripe for appeal under 28 U.S.C.A. § 1291 (West 1993). See Reich v. National Eng'g & Contracting Co., 13 F.3d 93, 95 (4th Cir. 1993).

5

First, Baker asserts that the district court lacked personal jurisdiction over the parties because the Order to Show Cause and the Board's application were not served in a manner consistent with Rule 4 of the Federal Rules of Civil Procedure. Second, Baker argues that the subpoenas are unenforceable because they were not served in a manner that comported with Due Process or § 11(4) of the NLRA. See 29 U.S.C.A. § 161(4) (West 1998). Finally, Baker contends that the subpoenas should not have been enforced because they were unduly burdensome. We address these assignments of error in turn.

A.

Baker argues that the district court erred in issuing its order enforcing the subpoenas because the district court lacked personal jurisdiction in the matter. According to Baker, service of the district court's Order to Show Cause was insufficient because it was not served in the manner contemplated by Rule 4 of the Federal Rules of Civil Procedure. Specifically, Baker argues that no summons was served and the requirements of Rule 4(h), dictating a method of service for corporate entities, were not met. We review the district court's determination that it had personal jurisdiction de novo. See Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.), 124 F.3d 619, 627 (4th Cir. 1997).

Baker's contention that Rule 4 requires service of a summons is correct, see Fed. R. Civ. P. 4, and it is also true that the requirements of Rule 4 are strictly enforced, see ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997), cert. denied, 118 S. Ct. 1364 (1998). Baker's argument that the district court lacked personal jurisdiction is incorrect, however, because Rule 4 is not dispositive here. Rather, in this case, Rule 81 supersedes Rule 4. Rule 81 provides that:

> These Rules apply to proceedings to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings.

6

Fed R. Civ. P. 81(a)(3). Here, the district court, in accordance with Rule 81, ordered that the Order to Show Cause and the application be served by one of several different means. Such an order is clearly contemplated by Rule 81. Therefore, service of the Order to Show Cause and of the application was not defective and the district court properly asserted personal jurisdiction.[5]

B.

Next, Baker asserts that the Board's subpoenas were not enforceable because they were not served in a manner that comported with Due Process or § 11(4) of the NLRA. See 29 U.S.C.A. § 161(4) (West 1998). Our review of a district court's decision to enforce an administrative subpoena is circumscribed; we "review the district court's decision to enforce [a] subpoena for abuse of discretion; we may reverse the district court's enforcement order `only in the most extraordinary of circumstances.'" NLRB v. Carolina Food Processors, Inc., 81 F.3d 507, 510 (4th Cir. 1996) (quoting NLRB v. G.H.R. Energy Corp., 707 F.2d 110, 113 (5th Cir. 1982)).

The method of serving administrative subpoenas issued by the Board is established by statute and regulation. Section 11(4) of the NLRA provides, in relevant part, that:

> Complaints, orders, and other process and papers of the Board, its member, agent, or agency, may be served, either personally or by registered or certified mail or by telegraph or by leaving a copy thereof at the principal office or place of business of the person required to be served.

29 U.S.C.A. § 161(4) (West 1998); see also 29 C.F.R. § 102.113(c)

_____

[5] To the extent that Baker Electric, Inc. asserts that it should not be subjected to a subpoena under the Board's compliance power because it was not a party to the original litigation, we find that argument to be without merit. The Board's order specifically applies to D.L. Baker, Inc. t/a Baker Electric and all "its officers, agents, successors, and assigns." We believe that there was sufficient evidence before the district court from which it could conclude that Baker Electric, Inc. was a successor or assign of D.L. Baker, Inc. t/a Baker Electric.

7

(1998) (same). The Board served these subpoenas by certified mail[6] as authorized both by the NLRA and by the Board's regulation. Therefore, we cannot say that the district court erred when it determined that no statutory or regulatory violation occurred.[7] To the extent Baker challenges generally the reasonableness of certified mail service, we readily find that certified mail "provides notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Volkwagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988) (internal quotation marks omitted). In sum, the Board's use of certified mail in this instance was proper, and we find Baker's assertion that service was improper to be without merit.[8]

## C.

Finally, Baker contends that the subpoenas should not have been enforced because they were unduly burdensome. Baker states that

_____

[6] We need not address the issue of whether service by regular mail was appropriate. The subpoenas served by regular mail were identical to those served by certified mail. Thus, even if service by regular mail was improper, Baker should have received the identical notice via certified mail.

[7] We also cannot conclude that the district court erred in this instance when it allowed the Board to present copies of the canceled envelopes as evidence of service.

[8] Baker implies that the certified letters were not "refused" as marked by the Postal Service, but rather were merely returned to sender for improper address because the last two digits of the zip code were transposed. It is as clear to us from the record as it was to the district court, however, that the Postal Service corrected the clerical error in the zip code. We hesitate to believe that the Postal Service took it upon themselves to mark this certified mail "refused" if in fact the mail had been returned to the sender for an error in the address. Even if that were the case, however, whether the certified letters were actually received is not the proper question to ask in assessing propriety of service. Instead, we examine whether the method of service was reasonably calculated under all the circumstances to notify Baker of the action in which it had an interest. See Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 314 (1950). Here, the zip code error did not render the service unreasonable.

complying with the subpoenas would cause irreparable harm to the business because it would require them to turn over documents that were necessary for their ongoing business operations. Further, Baker asserts that the requested documents are not relevant to the back pay calculation because they post-date the underlying NLRA violations.

"In this circuit, the burden of proving that an administrative subpoena is unduly burdensome is not easily met. The party subject to the subpoena must show that producing the documents would seriously disrupt its normal business operations." Carolina Food Processors, Inc., 81 F.3d at 513 (internal quotation marks omitted). Baker's mere averment that producing the documents will be disruptive does not meet this standard, especially in light of the Board's offer to accommodate Baker by facilitating the copying of documents in as unobtrusive a manner as possible under the circumstances.

Further, Baker's relevance argument is misplaced. The test for relevance in this context is "not especially constraining." EEOC v. Shell Oil Co., 466 U.S. 54, 68 (1984). The term "relevant" is broadly construed to give the agency access to "material that might cast light on the allegations." Id. at 68-69. Under this reading, we determine that the district court did not abuse its discretion when it determined that the Board's document request was relevant to a determination of the back pay award and to an investigation of compliance with the order we enforced in 1997.

IV.

For the reasons stated herein, we affirm the district court's order enforcing the Board's subpoenas.

AFFIRMED

9